HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| A.T., an individual, | CASE NO. 3:20-cv-05075-RBL |
|---|---|
| Plaintiff, | ORDER ON DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| WYNDHAM HOTELS & RESORTS, INC., and CHOICE HOTELS INTERNATIONAL, INC., | |
| Defendant. | |

THIS MATTER is before the Court on Defendants Wyndham Hotels & Resorts, Inc. and Choice Hotels International, Inc.'s Motions to Dismiss. Dkt. ## 18, 20. Plaintiff A.T. alleges that she was trafficked for sex at Wyndham and Choice brand hotels, including Super 8 and Days Inn hotels in Kennewick, WA, and a Clarion Inn hotel in Yakima, WA. A.T. asserts one claim under the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C §1595, for Defendants' alleged indifference to her plight while she was being sexually exploited at their establishments.

Defendants now move to dismiss on several bases, with Wyndham first arguing that A.T. filed her case in an improper venue. Because the Court agrees with Wyndham, there is no need to analyze Defendants' more substantive arguments for dismissal.

A plaintiff bears the burden of showing that venue is proper in the chosen forum. *Bancroft Life & Cas. ICC, Ltd. v. Scolari*, C11-5017RBL, 2011 WL 13229006, at *2 (W.D. Wash. Nov. 29, 2011); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). The court must "draw all reasonable inferences . . . and resolve all factual conflicts in favor of the non-moving party." *Scolari*, C11-5017RBL, 2011 WL 13229006, at *2 (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). "However, the pleadings need not be accepted as true and a court may consider facts outside the pleadings." *Id.* (citing *Holland Am. Line, Inc. v. Wartsila North Am., Inc.*, 485 F.3d 450, 455 (9th Cir. 2007)).

In federal court, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

8 U.S.C. § 1391(b). For venue purposes, a defendant corporation is "deemed to reside . . . in the judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c). In states that have more than one judicial district, a corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). If no such district exists, the corporation is "deemed to reside in the district within which it has the most significant contacts." *Id*.

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS - 2

Personal jurisdiction comes in two forms: general and specific.[1] *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). To be subject to general jurisdiction, a corporation needs to be "at home" in the forum, which generally means the corporation is incorporated in the forum or has its principal place of business there. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014)). Otherwise, general jurisdiction only exists in the "exceptional case" in which the corporation's activities are "so substantial and of such a nature as to render the corporation at home in that State." *Id*. Specific jurisdiction, in contrast, relies on the defendant's forum-related activities and whether the plaintiff's claim arises from those activities. *Dole Food*, 303 F.3d at 1111.

Wyndham argues that venue is improper because all of the events underlying A.T.'s claim occurred in Yakima and Kennewick, which is in the Eastern (rather than Western) District of Washington. Wyndham further points out that both Defendants are incorporated in Delaware and have their principal places of business in New Jersey and Maryland. The Complaint alleges that venue is proper in the Western District of Washington "because a substantial part of the events or omissions giving rise to the claims asserted in this action, including the Defendants' misconduct and omissions, occurred in the judicial district where this action is brought." Dkt. # 1 at 8. In opposition to Wyndham's Motion, A.T. also argues that "Wyndham has hotels and employees in the Western District and therefore, venue is proper under 28 U.S.C. 1391(b)(1)." Dkt. # 35 at 7.

---

[1] A court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits, so the jurisdictional analysis under state law and federal due process are the same. *Byron Nelson Co. v. Orchard Management Corp.*, 95 Wn.App. 462, 465 (1999); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

Both of A.T.'s positions miss the mark. There is no allegation that A.T. was trafficked anywhere in the Western District of Washington or that acts related to her trafficking occurred there; instead, everything happened in Kennewick and Yakima. This means Defendants cannot be deemed residents based on specific jurisdiction. The Court also cannot exercise general jurisdiction over Defendants because neither is "at home" in Washington. The mere presence of Wyndham and Choice hotels in Western Washington does not make this the kind of "exceptional case" where general jurisdiction exists; if it did, most large corporations could be sued anywhere in the U.S. For purposes of venue, Defendants both reside in the Eastern District of Washington, where the alleged trafficking of A.T. occurred.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, both parties request transfer, although Wyndham would prefer dismissal. The Court agrees that transferring this case to the Eastern District of Washington is the better option.

Defendant Wyndham's Motion is GRANTED and Choice's Motion is DENIED as moot. This case is TRANSFERRED to the Eastern District of Washington.

IT IS SO ORDERED.

Dated this 4th day of June, 2020.

Ronald B. Leighton
United States District Judge

ORDER ON DEFENDANTS' MOTIONS TO DISMISS - 4